**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Braggs, | CV-17-00756-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, | |
| Defendant. | |

Pending before the Court is Defendant State of Arizona's Motion to Dismiss (Doc. 11). Plaintiff has filed a Response (Doc. 16), and Defendant has filed a Reply (Doc. 17). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.[1]

**BACKGROUND**

This case arises out of an alleged incident of sexual harassment that occurred on November 18, 2011, while Plaintiff was employed with the Arizona Department of Corrections. On February 18, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 11, Exh. A at 1.) At the time, Plaintiff listed her address as 25257 West Lynne Lane, Buckeye, Arizona ("Address One").

---

[1] Plaintiff's request for oral argument will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

(Id., Exh. A at 1.) The EEOC's administrative proceedings lasted over three years. At some point during this time, Plaintiff moved to 3012 South 257th Drive, Buckeye, Arizona ("Address Two"). (Doc. 16, Exh. A at 1.) On September 5, 2014, the EEOC mailed Plaintiff a letter to Address Two, thus demonstrating that Plaintiff had informed the EEOC of her new address sometime prior to that date.

Subsequently, on March 31, 2015, the EEOC mailed closure documentation to Plaintiff at Address One. (Doc. 11, Exh. B at 1.) The closure documentation informed both parties that no further efforts would be made by the EEOC and that Plaintiff's discrimination charge was being referred to the Department of Justice ("DOJ") for litigation review. (Id..) On October 7, 2015, DOJ issued Plaintiff a right-to-sue letter and copied Defendant. (Doc. 11, Exh. C at 1.) The right-to-sue letter was sent to plaintiff at Address One and was returned unclaimed on December 15, 2015. (Doc. 11, Exhs. C-D at 1.) In November 2016, Plaintiff contacted DOJ to inquire why she never received her right-to-sue letter; thereafter, in December, 2016, DOJ resent the right-to-sue letter to Plaintiff at a P.O. box address. (Doc. 17, Exh. C at 1.) Plaintiff filed her Complaint on March 13, 2017.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. See Lucas v. Bechtel Corp., 633 F.2d 757, 759 (9th Cir. 1980). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In the context of a Rule 12(b)(6) dismissal, a court generally does not consider evidence or documents beyond the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). However, courts may consider documents

without converting the motion to dismiss into a motion for summary judgement. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents that may be considered include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Id.

In ruling on the motion, a court must accept all allegations of material fact as true and construed in the light most favorable to the non-moving party. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). As for the factual allegations, the Supreme Court has explained that they "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). In ruling on a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether [she] is entitled to *offer* evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (emphasis added). Thus, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).

## DISCUSSION

**A.   Timely Filing and Equitable Tolling.**

Defendant argues that Plaintiff's Title VII action must be dismissed for failure to state a claim. Specifically, Defendant contends that Plaintiff's complaint was untimely filed because it was filed fourteen months after the EEOC issued Plaintiff's original right-to-sue letter, and that therefore the Complaint should be dismissed.

When the EEOC dismisses a claim, it is required to notify and inform the claimant that he or she has 90 days to bring a civil action. 42 U.S.C. § 2000e-5(f)(1). The 90-day requirement constitutes a statute of limitations, and if a claimant fails to file within the 90-day period, the action is barred. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir. 1992) (citing Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir. 1990)). The 90-day limitation period begins running when delivery of the right-to-sue notice was attempted

at the address of record with the EEOC. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997). The claimant is deemed to have received notice on the date of that attempted delivery. Id. at 384. The address of record is the most recent address provided. Id.

The 90-day period is subject to the doctrine of equitable tolling. Id. at 384 (quoting Scholar, 963 F.2d at 266-67). "Equitable tolling is … to be applied only sparingly." Nelmida, 112 F.3d at 384 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Courts "have been generally unforgiving … when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" Scholar, 963 F.2d at 268 (quoting Irwin, 498 U.S. at 96). Typically, equitable tolling applies when a claimant's failure to meet a legally-mandated deadline arose from circumstances beyond that claimant's control. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Equitable tolling has been applied to cases where the statute of limitations "was not complied with because of defective pleadings … and when the EEOC's notice of the statutory period was clearly inadequate." Scholar, 963 F.2d at 268 (citing Irwin, 498 U.S. at 96). A claimant's responsibility to keep the EEOC informed is satisfied by notifying the post office of a change of address. Ryan v. Joeseph's Bi-Rite Market, 688 F. Supp. 573, 574 (E.D. Cal. 1988).

When a claimant does not inform the EEOC of an address change, equitable tolling is inapplicable because the claimant was not diligent. Nelmida, 112 F.3d at 384-85. In Nelmida, the claimant gave the EEOC an address where she was not living. Id. at 385. Additionally, the claimant knew she often did not receive mail at that address. Id. The claimant also did not inform the EEOC she was leaving the state for a period of time, despite her knowing that the right-to-sue notice might arrive during her absence. Id. The claimant realized the EEOC mailed the original right-to-sue letter about a month after it was actually mailed. Id. The court did not apply equitable tolling under these circumstances.

Here, Plaintiff informed the EEOC of her change of address (Address Two) sometime before 2014. (Doc. 16, Exh. A at 1.) The EEOC sent Plaintiff letters to this updated address

in September 2014 and April 2015. (Id., Exhs. A-B at 1.) Defendant acknowledges that a claimant's address of record is the most recent address provided to the agency. Plaintiff's Address Two was the most recent address provided to the EEOC, even though the EEOC sent closure documentation, and the DOJ sent the right-to-sue letter, to Address One. (Doc. 11, Exhs. B-C at 1.) As Plaintiff initiated this action over 90-days after the DOJ sent its original right-to-sue letter, her action is untimely. However, because the right-to-sue letter was initially sent to Address One and not Plaintiff's most recent address, equitable tolling may apply.

Defendant asserts that Plaintiff has not shown she was diligent in ensuring she received her right-to-sue letter, just as the claimant in Nelmida was not diligent, and therefore equitable tolling would be inappropriate. Nelmida is, however, factually distinguishable. In this case, Plaintiff informed the EEOC of her updated address prior to 2014. The EEOC then sent correspondence to Plaintiff's updated address on September 5, 2014, and April 24, 2015, thus establishing awareness of Plaintiff's updated address. (Doc. 16, Exh. A-B at 1.)

Defendant further asserts that Plaintiff was not diligent because there is no indication that Plaintiff requested that Address One be removed from the EEOC's records. However, it is fair to say, if not axiomatic, that when an individual informs an agency of a new address, subsequent correspondence should go the new address and the old address is no longer valid. Additionally, the EEOC's regulations require that "the person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change of address and with notice of any prolonged absence from the current address …." 29 C.F.R. § 1601.7(b). This regulation does not require that a claimant remove an old address or inform the EEOC that an old address is no longer valid. The regulation only requires notification of an address change and the record reflects that Plaintiff complied with this requirement. In response, Defendant cites an unpublished administrative appeal decision to confirm the right of a party to have two addresses of record. DeNeale v. United States Postal Agency, EEOC DOC 01873171, Appeal No. 01873171, February 25, 1988, *1. In DeNeale, the EEOC sent

correspondence to both of the appellant's addresses of record at the same time. Here, Plaintiff received correspondence to only one address, so <u>DeNeale</u>, even if a controlling decision, is inapplicable.

Lastly, Defendant argues that Plaintiff was not diligent because there is no indication that Plaintiff made any efforts to inform the DOJ or the EEOC of a change of address between March 2015 and October 2015, which is the time period when the EEOC and the DOJ mailed additional correspondence to Address One. However, Plaintiff had already informed the EEOC of her address change in 2014, and had received letters from the EEOC at her new address, so it would have been reasonable for her to assume that no update was necessary. Defendant seems to suggest that a claimant must periodically update the EEOC with a current address, even if it has not changed. This is not required by the EEOC's regulations.

**B.        Prejudice.**

Equitable tolling focuses on the claimant's excusable ignorance and a lack of prejudice to defendant. <u>Leong v. Potter</u>, 347 F.3d 1117, 1123 (9th Cir. 2003). An absence of prejudice is considered in determining whether equitable tolling should apply, but absence of prejudice alone is not enough to invoke equitable tolling. <u>Baldwin County</u>, 466 U.S. at 152. <u>See also</u> <u>Valenzuela</u>, 801 F.2d at 1174-75 (in employment action, equitable tolling applicable when plaintiff demonstrated diligence in pursuing her claim, there was no evidence of prejudice to the defendant, and tolling would be consistent with the remedial purpose of Title VII legislation). Where the "danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th Cir. 2002).

Defendant asserts that it will be prejudiced by allowing this matter to proceed because the alleged incident that is the basis for Plaintiff's claim occurred almost six years ago. Defendant states that, because no suit was filed by January 2016, the matter was closed by both the Arizona Department of Corrections and the Arizona Attorney General's Office.

Defendant does not, however, assert that witnesses are no longer available, or documents have been destroyed, because of the delay - only that having to find or reopen files closed over a year ago would be prejudicial. Defendant fails to establish any concrete basis for this Court to find prejudice to Defendant in the application of equitable tolling to Plaintiff's claim.

## CONCLUSION

The Court finds that, although Plaintiff's claim was untimely filed, her claim is entitled to equitable tolling, and Defendant has not demonstrated prejudice by its application. The court will therefore deny Defendant's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** that Defendant State of Arizona's Motion to Dismiss (Doc. 11) is **DENIED**.

DATED this 23rd day of October, 2017.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge